TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-04-00497-CR


 




Ronnie Brock, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. 3031604, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N 


 Appellant Ronnie Brock was convicted for failure to register as a sex offender. See
Tex. Code Crim. Proc. Ann. art. 62.10(a)(2) (West Supp. 2004-05). The trial court sentenced him
to three years' confinement in the Texas Department of Criminal Justice, Institutional Division. On
appeal, Brock challenges the legal sufficiency of the evidence to support the conviction. We affirm. 


BACKGROUND

 On February 16, 1993, Brock was convicted of the felony offense of indecency with
a child by contact. The district court assessed punishment at ten years' confinement in the Texas
Department of Criminal Justice, Institutional Division, suspended the imposition of sentence, and
placed him on probation for a period of ten years. On November 9, 1993, Brock was found to have
violated the terms of his probation, and the court revoked Brock's probation. The court reduced his
sentence to six years' confinement. Brock was released on May 11, 2000. Because indecency with
a child is a "sexually violent offense," see id. art. 62.01(6)(A) (West Supp. 2004-05), Brock is
required to register as a sex offender annually for life. Id. arts. 62.06(b), 62.12(a)(1) (West Supp.
2004-05). 

 Brock moved to Austin within days of his release. He failed to register as a sex
offender with the Austin police department, violating article 62.02(a) of the code of criminal
procedure, which requires a sex offender to register with the local law enforcement authority in any
municipality where he resides or intends to reside for more than seven days. Id. art. 62.02(a). In
May 2001, Brock was arrested for shoplifting. At that time, he was found to have failed to register
as a sex offender. A warrant issued on August 21. (1) 

 On October 3, 2001, Brock registered with the Sex Offender Apprehension and
Registration (SOAR) unit of the Austin police department. Sonia Carrion, an administrative
specialist with the SOAR unit, handled his registration. The parties seem to indicate that registration
is a somewhat time-consuming process. Memorializing his registration, Brock and Carrion both
signed a release notification form that advised Brock of his duties as a sex offender, which included
annual verification of his registration. By signing the notification form, Brock acknowledged that
his failure to comply with all the requirements of chapter 62 would be a felony offense.

 On January 14, 2002, Brock began serving a one-year sentence for shoplifting and
for failure to register. He was released on September 13, 2002. On September 18, Brock attempted
to register with the SOAR unit but was unsuccessful. On that date, Patricia Cardona of the Austin
police department informed Brock that he did not have the necessary documentation to complete his
registration. She advised Brock that he could obtain this documentation from the Department of
Public Safety. She then scheduled Brock to return on September 23, 2002, to complete his
registration. He did not return to the SOAR unit that year. Brock later testified that Cardona had
never indicated to him that his registration was not complete and that he believed he had registered
on September 18, 2002.

 In January of 2003, Brock was arrested for failing to register. He was released on
bond in March of 2003. On March 10, Brock registered with the SOAR unit. Cardona again
handled his registration. Brock signed a release notification form similar to the one he had signed
in October 2001, indicating that he understood his duties as a sex offender. This form again notified
Brock that he had a duty to verify his registration annually. Unlike the form he signed in 2001, this
form specified that the annual verification requirement came due on his birthdate. After Brock had
registered, Cardona gave him a registration receipt issued by the Department of Public Safety,
confirming that he had registered on that date. The receipt also noted that Brock's "anniversary
date" was July 16, 2003, Brock's birth date. See Tex. Code Crim. Proc. Ann. art. 62.06(a) (West
Supp. 2004-05) (sex offender who is not subject to 90-day reporting requirement must register with
local law enforcement authority "once each year not earlier than the 30th day before and not later
than the 30th day after the anniversary of the person's date of birth to verify the information in the
registration form."). 

 On August 13, 2003, Brock remembered that the registration period was to expire in
three days. He arranged for his sister, Yvette Lopez, to drive him to the police station the next
morning. On August 14, he called the SOAR unit and spoke to Cardona. She was not able to
schedule him for an appointment until August 18. (2) Although this date was outside the statutory
registration period, Cardona informed Brock that Jason Dusterhall, the detective handling Brock's
case, had approved the appointment. (3) Brock did not report to the SOAR unit on August 18, the date
of his appointment. Almost a year later, on June 10, 2004, Brock was arrested and later charged with
failure to register as a sex offender. See id. art. 62.10(a)(2). Brock was found guilty after a bench
trial, and the trial court assessed his punishment at three years' confinement in the Texas Department
of Criminal Justice, Institutional Division. This appeal followed. 


DISCUSSION

 Brock raises one issue on appeal. He complains that the SOAR unit, by not
scheduling him for an appointment until August 18, prevented him from registering within the
statutory period. Thus, he believes that the evidence is legally insufficient to support the trial court's
finding that he possessed the requisite culpable mental state--that he acted intentionally or
knowingly--in failing to comply with the requirements of the sex offender registration program. See
id. art. 62.10(a)(2). 

 In reviewing a legal sufficiency of the evidence claim, we must view the evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 324 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). We do not resolve any
conflict of fact or assign credibility to the witnesses, as that was the function of the trier of fact. 
Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). Instead, our duty is only to
determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the
evidence admitted at trial in a light most favorable to the verdict. Id. at 422.

 Article 62.10(a) of the code of criminal procedure provides that it is an offense if a
person required to register as a sex offender fails to comply with any requirements in chapter 62. 
See Tex. Code Crim. Proc. Ann. art. 62.10(a). Chapter 62 sets out a number of situations under
which a convicted sex offender must register. Specifically, article 62.06(a) provides:


(a) . . . A person subject to registration under this chapter who is not subject to the
90-day reporting requirement described by this subsection shall report to the
local law enforcement authority designated as the person's primary registration
authority by the department once each year not earlier than the 30th day before
and not later than the 30th day after the anniversary of the person's date of birth
to verify the information in the registration form maintained by the authority for
that person. . . .



Id. art. 62.06(a). (4) 

 It is undisputed that Brock knew he was required to register within thirty days of his
birthday. However, Brock claims that he did not remember to register until three days before the
deadline and did not contact the SOAR unit until two days before the registration deadline. Because
the SOAR unit was unable to accommodate Brock within this time period, Dusterhall approved an
appointment for Brock to register on August 18. Cardona advised Brock that August 18 was past
his grace period but that the SOAR unit would still accept his registration on that date. (5) Brock failed
to appear for his appointment on August 18.

 We note that article 62.06 does not require law enforcement to provide special
accommodation for last-minute requests to register. Instead, article 62.06 requires the offender to
register, to produce proof of identity and residence, and to complete a registration form. See id. art
62.06(a)-(c). However, recognizing that this process takes time, the SOAR unit had adopted a policy
to set registration appointments only from Monday to Thursday between 10 a.m. and 5 p.m. When
Brock called within the statutory period, Cardona provided him the first available appointment,
which was outside the statutory deadline, according to Austin Police Department policy.

 As a result, we can only conclude that the evidence is legally sufficient to support the
conviction in this case. Brock had notice of the registration deadline, as evidenced by his signatures
on his release forms and by his own acknowledgment during trial. The SOAR unit had no duty to
accommodate his late request but did so. See Varnes v. State, 63 S.W.3d 825, 829 (Tex.
App.--Houston [14th Dist.] 2001, no pet.) (sex offender statute does not impose any penalties on
State for failing to meet any of its requirements under statute, nor does it make convicted offender's
duties contingent on State's fulfillment of its duties). Furthermore, Dusterhall testified that, if a sex
offender registers on his appointment date set for after the statutory deadline, the SOAR unit will not
file charges for failure to register, even though, technically, failure to register within the statutory
grace period is a violation of the law. In an effort to accommodate Brock's last-minute effort to
register, the SOAR unit set him such an appointment, which Brock failed to keep. Viewing all the
evidence in the light most favorable to the verdict, we hold that the evidence is legally sufficient to
support the trial court's finding of guilt. We overrule Brock's issue.

CONCLUSION Having overruled Brock's sole issue on appeal, we affirm the judgment of the trial
court. 



 __________________________________________

 Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: May 26, 2005

Do Not Publish
1. The record does not indicate if the warrant issued on the basis of the shoplifting event,
failure to register, or both. 
2. The SOAR unit did not permit sex offenders to verify their registration without an
appointment. 


 Brock does not remember that Cordona set an appointment for him. SOAR unit notes,
admitted into evidence, support Cordona's testimony that she set an appointment on August 18 for
Brock.
3. Detective Dusterhall testified that it was the policy of the Austin Police Department to
allow for late registration when the department was unable to accommodate the registrant within his
statutory grace period. 
4. Article 62.10 does not prescribe a culpable mental state. However, the indictment alleged
that Brock intentionally or knowingly failed to comply with a requirement of the sex offender
registration law, namely, that he failed to report to the local law enforcement authority with whom
he was required to register once each year not earlier than the thirtieth day before and not later than
the thirtieth day after the anniversary of his date of birth. See Tex. Code Crim. Proc. Ann. art. 62.06. 
5. Brock testified that Cardona informed him in their phone conversation of August 14 that,
notwithstanding his appointment to register, a warrant would be issued for his arrest once the grace
period expired. Brock testified that, on the basis of this information, he did not report to the SOAR
unit on August 18 to verify his registration.